# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

----------------------------------------------------------------------X

| | |
|---|---|
| MASON K. WILLIAMS,<br><br>Plaintiff,<br><br>-against-<br><br>TRANS UNION LLC, doing business in New York as TRANS UNION (OF DELAWARE), LLC,<br><br>Defendant. | Index No. ______________<br><br>**VERIFIED COMPLAINT AND JURY DEMAND**<br><br>Plaintiff designates Queens County as the place of trial<br><br>The basis of venue is Defendant's residence, CPLR 503(a), (c) |

----------------------------------------------------------------------X

Plaintiff Mason K. Williams, by his attorney, Elliot M. Elo, Esq. of The Law Office of Elliot M. Elo, Esq. PLLC, for his verified complaint, alleges as follows against Defendant Trans Union LLC:

## NATURE OF THE ACTION

1. This is an action for damages arising from Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Trans Union maintains a consumer file concerning Plaintiff and sells consumer reports assembled from that file to lenders and other users for monetary fees.

3. Trans Union's consumer reports concerning Plaintiff contain a collection tradeline furnished by Continental Service Group, LLC, doing business as ConServe ("ConServe"), reporting a $6,618 balance allegedly arising from an educational account associated with the University of Bridgeport.

4. Plaintiff disputes the $6,618 balance as inaccurate and materially overstated.

5. Plaintiff challenges the numerical amount of the reported balance itself, not merely the legal enforceability of the alleged account, and the correct balance is an objectively verifiable


Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

accounting fact reflected in the University's account ledger, enrollment records, payment records, credits, adjustments, and ConServe's placement file.

6. Trans Union's own consumer file concerning Plaintiff records that the ConServe account is disputed by the consumer.

7. Despite that recorded dispute, Trans Union prepared and furnished consumer reports concerning Plaintiff to third parties that repeated the unchanged $6,618 balance, without following reasonable procedures to assure the maximum possible accuracy of the information.

8. Whenever a consumer reporting agency prepares a consumer report, 15 U.S.C. § 1681e(b) requires it to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, and a consumer need not have disputed the information before bringing a claim. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (setting out the elements of a § 1681e(b) claim and holding that no prior dispute or notice from the consumer is required).

9. Plaintiff seeks actual damages, statutory damages, punitive damages as authorized by the FCRA, costs, and reasonable attorney's fees.

## PARTIES

10. Plaintiff Mason K. Williams is a natural person.

11. Plaintiff was a student at all times relevant to this action.

12. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c) because he is an individual.

13. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company organized under the laws of the State of Delaware on December 3, 1998.


Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

14. Trans Union has been authorized to do business in the State of New York under Section 802 of the Limited Liability Company Law since January 6, 1999 under the fictitious name Trans Union (of Delaware), LLC, and is assigned New York Department of State identification number 2331915.

15. According to the records of the New York Department of State, Trans Union's entity status is active, its statement status is current with its next statement due January 31, 2027, its designated county within the State of New York is Queens County, and its registered agent for service of process in New York is Corporation Service Company, 80 State Street, Albany, New York 12207.

16. According to the records of the New York Department of State, the post office address to which the Secretary of State shall mail a copy of any process against Trans Union served upon the Secretary of State as its agent is Attn: Tax Department, 555 West Adams Street, Chicago, Illinois 60661.

17. Trans Union maintains its principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

18. Trans Union is engaged in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties for monetary fees, using means and facilities of interstate commerce, and it is therefore a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

19. Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of 15 U.S.C. § 1681a(p).

**JURISDICTION, VENUE, AND APPLICABLE LAW**


Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

20. This Court is a court of general original jurisdiction and is a court of competent jurisdiction within the meaning of 15 U.S.C. § 1681p.

21. This Court has subject matter jurisdiction over Plaintiff's FCRA claims because state courts have concurrent jurisdiction over FCRA actions pursuant to 15 U.S.C. § 1681p.

22. This Court has personal jurisdiction over Defendant pursuant to CPLR 301 and 302(a)(1) because Defendant is authorized to do business in the State of New York, maintains a registered agent within the State, systematically and continuously transacts business within the State, including assembling and furnishing consumer reports concerning millions of New York consumers for fees, and created and maintained the consumer file concerning Plaintiff at issue in this action while Plaintiff resided within the State of New York.

23. Trans Union's June 30, 2026 consumer file disclosure states that Plaintiff has been on Trans Union's files since August 9, 2022, and reflects Plaintiff's former address at 20 Huntley Road, Elmont, New York 11003, reported August 7, 2022, so that Trans Union created Plaintiff's consumer file, and began assembling and maintaining the information in it, while Plaintiff was a New York resident.

24. Alternatively, this Court has specific personal jurisdiction over Defendant pursuant to CPLR 302(a)(3) because Defendant committed tortious acts without the State causing injury to Plaintiff, and Defendant regularly does or solicits business within the State, engages in a persistent course of conduct within the State, and derives substantial revenue from services rendered within the State and from interstate commerce.

25. Venue is proper in Queens County pursuant to CPLR 503(a) and 503(c) because Trans Union, a foreign limited liability company authorized to transact business in the State, is


Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

deemed a resident of Queens County, the county within the State designated in the records of the New York Department of State.

26. The claims are timely because this action is being commenced within two years after Plaintiff discovered the violations alleged herein and within five years after the violations occurred, as required by 15 U.S.C. § 1681p.

**PLAINTIFF'S CONSUMER FILE**

27. Trans Union maintains a consumer file concerning Plaintiff from which it assembles and furnishes consumer reports to third parties.

28. On June 30, 2026, Plaintiff obtained his consumer file disclosure from Trans Union pursuant to 15 U.S.C. §§ 1681g and 1681j, and Trans Union provided a forty-seven-page document bearing file number 463703421.

**THE CONSERVE TRADELINE AS REPORTED BY TRANS UNION**

29. Plaintiff's June 30, 2026 Trans Union consumer file disclosure contains a ConServe tradeline, account number beginning 2624, reporting a date opened of October 13, 2025, a balance of $6,618, an original creditor identified as "UNIV OF BRIDGEPORT," a pay status of collection, a date updated of June 20, 2026, an estimated removal date of August 2030, and the remark "Account information disputed by consumer (FCRA)."

30. Defendant thereby represented in Plaintiff's consumer file and consumer reports that Plaintiff owed a $6,618 collection balance.

31. Plaintiff disputes that he owes $6,618.

32. Based on Plaintiff's personal knowledge of his enrollment, account, payments, credits, adjustments, and dealings with the University of Bridgeport, the $6,618 amount is materially erroneous and overstated.


Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

33. Plaintiff had ceased attending the University of Bridgeport more than one year before ConServe first demanded payment from him.

34. Plaintiff does not admit that he owes any amount to the University of Bridgeport, and the allegation that a debt is "alleged" is not an admission concerning the existence, enforceability, amount, or legal status of that debt.

## TRANS UNION KNEW THE ACCOUNT WAS DISPUTED

35. The Trans Union version of the ConServe tradeline states, in its remarks field, "Account information disputed by consumer (FCRA)."

36. Before obtaining his June 30, 2026 consumer file disclosures, Plaintiff submitted disputes to Equifax, Experian, and Trans Union challenging the accuracy of the ConServe tradeline and the $6,618 balance.

37. Trans Union accordingly knew, from the contents of its own consumer file concerning Plaintiff, that the $6,618 ConServe balance was disputed by the consumer at the time Trans Union prepared and furnished the consumer reports described below.

38. Trans Union's reporting of the ConServe tradeline was updated through at least June 20, 2026, while Trans Union's own file recorded that the account information is disputed by the consumer.

## TRANS UNION FURNISHED CONSUMER REPORTS CONTAINING THE DISPUTED BALANCE TO THIRD PARTIES

39. Plaintiff's June 30, 2026 Trans Union consumer file disclosure reflects that Trans Union furnished Plaintiff's consumer information to Sallie Mae Bank in a regular inquiry on January 8, 2026.


Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

40. Plaintiff's June 30, 2026 Trans Union consumer file disclosure reflects that Trans Union furnished Plaintiff's consumer information to Sallie Mae Bank in an account review inquiry on June 23, 2026.

41. Plaintiff's June 30, 2026 Trans Union consumer file disclosure reflects that Trans Union furnished Plaintiff's consumer information to Continental Service Group LLC in an account review inquiry.

42. Each such furnishing was a consumer report prepared and furnished by Trans Union concerning Plaintiff within the meaning of 15 U.S.C. § 1681a(d), and, upon information and belief, each of the 2026 furnishings occurred while the ConServe tradeline reported the disputed and inaccurate $6,618 balance in Plaintiff's Trans Union consumer file.

**TRANS UNION FAILED TO FOLLOW REASONABLE PROCEDURES**

43. Section 1681e(b) of the FCRA required Trans Union, whenever it prepared a consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

44. The reasonableness of a consumer reporting agency's procedures is normally a question for the trier of fact. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010) (explaining that the reasonableness of a consumer reporting agency's procedures under § 1681e(b) is normally a jury question and that reporting may violate the FCRA when presented in a misleading or incomplete manner).

45. Upon information and belief, Trans Union's procedures for the ConServe tradeline consisted of accepting and republishing whatever balance ConServe furnished, without any procedure to verify the accuracy of the balance against account-level records.

 Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

46. Upon information and belief, Trans Union followed that practice even though its own file recorded that the consumer disputed the account information, and even though educational collection balances of the kind at issue commonly require withdrawal adjustments, financial aid recalculations, credits, and other account-level corrections.

47. A consumer reporting agency that knows from its own records that reported information is disputed by the consumer, and that nevertheless continues to prepare and sell consumer reports repeating the unchanged information without any verification procedure, does not follow reasonable procedures to assure maximum possible accuracy.

48. Trans Union failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, and that failure caused Trans Union to prepare and furnish consumer reports containing the inaccurate $6,618 balance.

## WILLFULNESS

49. The FCRA is violated willfully where a consumer reporting agency acts in knowing or reckless disregard of its statutory duties. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58 (2007) (holding that willfulness under 15 U.S.C. § 1681n encompasses reckless disregard of statutory duty).

50. Trans Union is a sophisticated nationwide consumer reporting agency that has operated under § 1681e(b) for decades, knows that the statute requires procedures assuring maximum possible accuracy, and knew from its own file that the $6,618 ConServe balance was disputed by the consumer.

51. Trans Union's preparation and furnishing of consumer reports repeating the disputed $6,618 balance without any verification procedure was undertaken in knowing or reckless

disregard of its duties under 15 U.S.C. § 1681e(b) and was therefore willful within the meaning of 15 U.S.C. § 1681n.

## DAMAGES AND PERSONAL IMPACT

52. Plaintiff's injuries from Trans Union's conduct were materially aggravated on or about June 30, 2026, when he obtained his consumer file disclosures and learned that the disputed $6,618 collection balance remained in his Trans Union consumer file and consumer reports.

53. On July 14, 2026, Plaintiff sought prequalification for a Citi Double Cash credit card and received a screen stating that Citi was unable to approve him.

54. Plaintiff does not presently possess a separate decision notice identifying the consumer reporting agency, score, or specific factors used by Citi and therefore does not allege that the ConServe tradeline in his Trans Union file was the sole cause of Citi's response.

55. The unsuccessful prequalification occurred while the disputed ConServe collection balance appeared on Plaintiff's consumer files and materially increased Plaintiff's worry, anxiety, and distress about his ability to obtain credit.

56. From October 2025 through the filing of this action, Plaintiff spent approximately twenty hours reviewing consumer file disclosures, investigating the alleged debt, searching for records, communicating about the matter, seeking assistance, and attempting to understand and correct the reporting of the disputed balance.

57. Plaintiff suffered emotional and mental injuries, including anxiety, mental anguish, persistent stress, worry, frustration, anger, embarrassment, humiliation, fear of future credit denials, and uncertainty concerning his financial future.

58. Plaintiff suffered physical manifestations of stress, including disturbed sleep, fatigue, physical tension, and other stress-related symptoms.


Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

59. Plaintiff suffered educational injuries, including impaired concentration, distraction from his studies, interference with educational planning, reduced ability to focus, and the diversion of time and mental energy away from school-related activities.

60. Plaintiff suffered financial and credit-related injuries, including damage to his creditworthiness and credit reputation, loss of a credit opportunity, impaired ability to obtain credit, increased risk of higher interest rates or less favorable terms, and uncertainty concerning his ability to obtain future credit.

61. Plaintiff's injuries are ongoing because the disputed balance has not been corrected or deleted from his Trans Union file and the dispute has not been resolved.

62. Trans Union's preparation and furnishing of consumer reports containing the inaccurate and disputed $6,618 balance was a direct and proximate cause of Plaintiff's emotional distress, physical stress symptoms, educational disruption, loss of time, credit-reputation injury, and financial harm.

## FIRST CAUSE OF ACTION

**Willful Violation of 15 U.S.C. § 1681e(b), Pursuant to 15 U.S.C. § 1681n**

63. Plaintiff repeats and realleges paragraphs 1 through 62.

64. Trans Union prepared consumer reports concerning Plaintiff and furnished them to third parties as alleged above.

65. Each such consumer report contained the inaccurate and materially overstated $6,618 ConServe balance.

66. In preparing each such consumer report, Trans Union failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).


Doc ID: b2d03f5b9b6a72a28b1e2408523c963167510360

67. Trans Union's violations were willful within the meaning of 15 U.S.C. § 1681n because Trans Union acted in knowing or reckless disregard of its statutory duties while its own file recorded that the balance was disputed by the consumer.

68. Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and the costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a).

## SECOND CAUSE OF ACTION

**Negligent Violation of 15 U.S.C. § 1681e(b), Pursuant to 15 U.S.C. § 1681o, Pleaded in the Alternative**

69. Plaintiff repeats and realleges paragraphs 1 through 68.

70. In the alternative, Trans Union's failure to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b), was negligent.

71. As a direct and proximate result of Trans Union's negligent violations, Plaintiff sustained the actual damages alleged above.

72. Plaintiff is entitled to actual damages and the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mason K. Williams respectfully requests that this Court enter judgment against Defendant, awarding:

a. Actual damages under 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

b. Statutory damages of not less than $100 and not more than $1,000 for each willful violation under 15 U.S.C. § 1681n(a)(1)(A);

c. Punitive damages under 15 U.S.C. § 1681n(a)(2);

d. The costs of this action and reasonable attorney's fees under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

e. Prejudgment and post-judgment interest as permitted by law; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable, and Plaintiff will further preserve and renew this demand at the time and in the manner provided by CPLR 4102.

Dated: New York, New York
August 6, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC
By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

## PLAINTIFF'S VERIFICATION

I, Mason K. Williams, am the Plaintiff in this action.

I have read the foregoing Verified Complaint and Jury Demand and know its contents.

I affirm this 6th day of August, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief, and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

Mason Williams 08 / 06 / 2026

Mason K. Williams